**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3903-19

ALTON NICHOLS,

     Plaintiff-Respondent,

v.

DUKE LINDEN, LLC, DUKE
REALTY LIMITED
PARTNERSHIP, DUKE
REALTY CORPORATION,
BRIGHTVIEW LANDSCAPES,
LLC, and CARUSO
LANDSCAPING,

     Defendants-Appellants,

and

WAYFAIR, LLC, and WAYFAIR,
INC.,

     Defendants,

and

BRIGHTVIEW LANDSCAPING,
LLC,

     Defendant/Third-Party

Plaintiff,

v.

CARUSO LANDSCAPING
and INTERNATIONAL
INSURANCE COMPANY
OF HANNOVER,

Third-Party Defendants.

Argued November 5, 2020 - Decided July 15, 2021

Before Judges Ostrer and Accurso.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Union County, Docket No. L-0971-18.

Harry D. McEnroe argued the cause for appellants (Tompkins, McGuire, Wachenfeld & Barry, LLP, attorneys for BrightView Landscapes, LLC; Haworth Barber & Gertsman, LLC, attorneys for Duke Linden, LLC, Duke Realty Limited Partnership, and Duke Realty Corporation; Gage Fiore, LLC, attorneys for Caruso Landscaping, LLC; Harry D. McEnroe, Richard Barber, and Stephen G. Purcell, of counsel and on the joint briefs).

Gregg S. Sodini argued the cause for respondent (Cutolo Barros, LLC, and Robert K. Marchese, attorneys; Gregg S. Sodini and Robert K. Marchese, on the brief).

PER CURIAM

A-3903-19

In this personal injury action, defendants Duke Linden, LLC, Duke Realty Limited Partnership, Duke Realty Corporation, BrightView Landscapes, LLC, and Caruso Landscaping, LLC appeal, on leave granted, from an order denying their motions for summary judgment without prejudice, sua sponte extending discovery to permit plaintiff Alton Nichols to submit an "updated report" from his medical expert, and adjourning the trial date, all pursuant to Rule 1:1-2, the court rule permitting relaxation of the rules in the interest of justice. Because there is no basis for application of Rule 1:1-2 here, we vacate the order and the one denying defendants' motions for reconsideration and remand for the court to decide the summary judgment motions on the record as it stood when they were presented.

The essential facts are easily summarized.[1] Plaintiff slipped on snow and ice while making a delivery to Wayfair's leased premises in Linden. The Duke entities own the property. They contracted with BrightView to clear snow and ice. BrightView subcontracted the work to Caruso. In his answers to defendants' form interrogatories, plaintiff claimed the accident aggravated a pre-existing condition to his left knee and lower back. He revealed he suffered from

---

[1] Given our disposition, we have kept the facts to a minimum and have avoided commenting on the proofs.

bowed legs "bi-laterally" in childhood for which he was fitted with braces; had a left knee arthroscopy performed in 2000; that an X-ray in 2010 showed narrowing of the left medial joint compartment with central articular osteophyte formation, as well as a slight lateral deviation above the patella and osteophytes on the surface of the patella; and had a left knee medial meniscectomy in 2012.

Discovery was extended multiple times, with plaintiff's counsel certifying to the court in connection with one of those extensions that "[p]laintiff has a long medical history and has provided literally thousands of pages of records from numerous healthcare providers and prior counsel for plaintiff in previous litigations," and that he was still being treated for injuries suffered in the accident. After discovery was finally closed, and arbitration and trial dates set, defendants moved to dismiss plaintiff's damages claim and for summary judgment.

Defendants contended the undisputed material facts demonstrated plaintiff had undergone extensive prior treatment to his lower back and had suffered from pre-existing issues in his left knee for at least twenty years. They argued plaintiff's treating doctor failed to provide a sufficient comparative analysis isolating the doctor's diagnosis of the injuries plaintiff suffered in this accident from his prior injuries and conditions, making the doctor's conclusion

4

that the accident precipitated plaintiff's total knee replacement no better than a net opinion.

In response to the motions, plaintiff withdrew his claim that his back injury was either caused or aggravated by this accident. As to plaintiff's knee, however, counsel contended the doctor's reports referenced "relevant pre-accident treatment and post-accident treatment," and "[a]ny further comparative analysis is not required as to the left knee, as there was a total knee replacement" post-accident.

In his oral decision on the motion, the judge found plaintiff's treating doctor needed to provide a comparative analysis in accordance with Davidson v. Slater, 189 N.J. 166, 186 (2007) (holding a plaintiff must "produce comparative-analysis evidence to establish a prima facie aggravation of pre-existing injuries cause of action"). The judge further found, "[h]owever," that he was obligated to "provide a just determination in this case as in all cases," and that to grant summary judgment to defendants "would be to visit any ills of the attorney upon the client" which he declared he was "not going to do." Relying on Rule 1:1-2, the judge denied the motions without prejudice, permitting plaintiff thirty days, later extended to ninety, "to provide an updated report from [plaintiff's doctor] that includes an appropriate comparative

5

analysis." The judge also provided time for defendants to submit responsive supplemental reports and depose plaintiff's doctor should they wish, extended discovery to accommodate those rulings and adjourned the scheduled arbitration and trial dates.

Defendants moved for reconsideration, arguing the court didn't identify the court rule it "relaxed," and its reliance on Rule 1:1-2 to rescue plaintiff from his failure to adduce sufficient proofs to withstand summary judgment was unprecedented and manifestly unjust to defendants. Defendants also argued that plaintiff didn't seek a discovery extension, and even if he had, the court would have been bound to deny it as arbitration and trial dates had been set and there were no exceptional circumstances to justify extending discovery under Rule 4:24-1(c). The judge denied defendants' motions, declaring them "essentially [a] re-argument of what was argued during the initial motions."[2]

---

[2] That is incorrect, as defendants' argument on reconsideration focused on their view of the court's inappropriate resort to Rule 1:1-2(a) to deny their motions for summary judgment, an issue neither briefed nor argued on the prior motion. See Lawson v. Dewar, __ N.J. Super. __ (App. Div. May 27, 2021) (slip op. at 8) (noting "some reconsideration motions — those that argue in good faith a prior mistake, a change in circumstances, or the court's misappreciation of what was previously argued — present the court with an opportunity to either reinforce and better explain why the prior order was appropriate or correct a prior erroneous order").

A-3903-19

Defendants appeal, arguing the court's reliance on Rule 1:1-2 to deny their summary judgment motions lacked any legal basis and ignored the prejudice to them. Plaintiff, while maintaining the two reports of his treating doctor "clearly allocate the cause of the need for his knee replacement . . . to the underlying incident such that no supplemental report should have been required,"[3] contends the issue is simply whether a trial court has the authority to adjourn a trial date and reopen discovery for the limited purpose of allowing a plaintiff to provide a supplemental expert report "so a case can be disposed of on the merits instead of on procedural grounds."

Our Supreme Court has instructed the purpose of the Court Rules is to promote "reasonable uniformity in the expeditious and even administration of justice." Ragusa v. Lau, 119 N.J. 276, 283 (1990) (quoting Handelman v. Handelman, 17 N.J. 1, 10 (1954)). The first sentence of paragraph (a) of Rule 1:1-2, which Pressler and Verniero notes constituted the entirety of its original text, provides the Rules are to be "construed to secure a just determination,

---

[3] Defendants agree with plaintiff's statement that although the judge did "not explicitly state that the reports of plaintiff's primary treating physician . . . were inadequate, the implication from the ruling . . . requiring submission of [a] supplemental report is that the [two] reports [submitted] . . . did not provide the requisite 'comparative analysis' report." We agree it would be difficult to read the judge's ruling any other way.

simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay."  Pressler & Verniero, <u>Current N.J. Court Rules</u>, cmt. 1 on <u>R.</u> 1:1-2 (2021).  The trial court relied on the second sentence, the "relaxation" provision:  "Unless otherwise stated, any rule may be relaxed or dispensed with by the court in which the action is pending if adherence to it would result in an injustice."  <u>R.</u> 1:1-2(a).

The Court has endorsed Judge Pressler's view that the "relaxation provision [of <u>Rule</u> 1:1-2] should be sparingly resorted to, particularly when a reasonable interpretation of the complex of directly applicable rules meets the problem at hand."  <u>Romagnola v. Gillespie, Inc.</u>, 194 N.J. 596, 604 (2008) (quoting Pressler, <u>Current N.J. Court Rules</u>, cmt. 2 on <u>Rule</u> 1:1-2 (2007)).  Here, of course, there is a directly applicable rule.  <u>Rule</u> 4:24-1(c) controls the extension of discovery in the face of looming arbitration and trial dates.  As the Court has noted, "[t]he mandate of <u>R.</u> 4:24-1(c) could not be clearer:  [a]bsent exceptional circumstances, no extension of the discovery period may be permitted after an arbitration or trial date is fixed."  <u>Szalontai v. Yazbo's Sports Cafe</u>, 183 N.J. 386, 396 (2005).

The court did not advert to <u>Rule</u> 4:24-1(c), or its requirement that only exceptional circumstances will justify an extension of discovery after the

establishment of arbitration or trial dates, and it appears plain that there were no exceptional circumstances here. Plaintiff served his treating doctor's supplemental report at the end of October 2019, and defendants promptly moved for summary judgment two months later at the close of discovery to permit the motion to be heard in accordance with Rule 4:46-1.

Further, there is no question but that this was always an aggravation case. Plaintiff made that clear in his initial answers to form interrogatories. The law has been well settled for at least a decade that a plaintiff pleading a cause of action for aggravation of a pre-existing injury must produce as part of his prima facie case comparative medical evidence to demonstrate "that the accident was the proximate cause of the injury aggravation or new permanent injury to the previously injured body part." Davidson, 189 N.J. at 185. The Court warned in Davidson that "[s]uch evidence provides essential support for the pled theory of a plaintiff's cause of action and a plaintiff's failure to produce such evidence can result in a directed verdict for defendant." Id. at 186. Plaintiff's counsel was well aware of the law, maintaining in the trial court, as he does on appeal, that his doctor's reports satisfied his burden of allocating the need for defendant's knee replacement to this accident.

A-3903-19

Both plaintiff and the trial judge refer to the decision here as simply a sua sponte procedural extension of discovery to permit the case to be decided on the merits. We cannot agree. This case was poised to be decided on the merits via a fully briefed and argued motion for summary judgment. As the Supreme Court has explained, Rule 1:1-2's "'catch-all' nature is not intended to serve as a cure-all." Romagnola, 194 N.J. at 606. Although it may in appropriate circumstances be applied to spare a client whose lawyer has made a procedural misstep in prosecuting the client's case, see, e.g., Tucci v. Tropicana Casino & Resort, Inc., 364 N.J. Super. 48, 51-52 (App. Div. 2003), it will not serve to relieve a plaintiff of establishing an element of his prima facie case necessary to stave off summary judgment dismissing his complaint. Serving the goal of a "just determination" should not thwart the imperative of applying the Rules evenly to ensure "fairness in administration and the elimination of unjustifiable expense and delay." R. 1:1-2.

Misapplying Rule 1:1-2 to relieve one side of an established and anticipated burden on the merits risks the very serious consequence of calling the court's impartiality into question. Thus, the guidance that "[f]ew cases should qualify for such special relief," and the rule only "sparingly resorted to," where, as here, "a reasonable interpretation of the complex of directly applicable

rules meets the problem at hand." <u>Romagnola</u>, 194 N.J. at 604, 607 (quoting Pressler & Verniero, cmt. 2 on <u>R.</u> 1:1-2).

Because we are satisfied the trial court misapplied its discretion in resorting to <u>Rule</u> 1:1-2(a) in this instance, we vacate the orders denying defendants' motions for summary judgment and reconsideration and remand for the judge to decide the summary judgment motions on the record as it stood on the return date.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3903-19